UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARIA MARTINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 13-12030-JGD |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OF DECISION AND
# ORDER ON CROSS-MOTIONS REGARDING
# DENIAL OF SOCIAL SECURITY BENEFITS

September 8, 2014

DEIN, U.S.M.J.

## I. INTRODUCTION

Plaintiff Maria Martins ("Martins") has brought this action pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), in order to challenge the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits. The matter is presently before the court on the "Plaintiff's Motion to Reverse or Remand Defendant's Final Decision Denying Her Disability Be[ne]fits" (Docket No. 25) by which the plaintiff is seeking an order reversing the Commissioner's decision or remanding the matter to the Social Security Administration for further administrative proceedings. It is also before

the court on the "Commissioner's Motion to Affirm Decision" (Docket No. 29), by which the Commissioner is seeking an order affirming her decision to deny Martins' claims for benefits. At issue is whether the Administrative Law Judge ("ALJ"), in reaching his conclusion that Martins was not disabled, erred by rejecting the opinions of Martins' treating psychiatrist and therapist regarding the extent of the plaintiff's mental limitations, and by determining that Martins' subjective complaints of pain and other symptoms were only partially credible. Also at issue is whether the ALJ erred by refusing to admit into the administrative record approximately 83 pages of records reflecting treatment that Martins received at the South Bay Mental Health Center ("South Bay") over the course of the time period from November 5, 2010 through May 10, 2012. The ALJ declined to consider those records because they were submitted after the deadline set forth in the Social Security regulations. However, Martins maintains that her tardiness should have been excused, and that the matter should be remanded for consideration of those records, because she demonstrated good cause for failing to produce them earlier.

For all the reasons described below, this court finds that the ALJ should have considered the additional evidence regarding Martins' treatment at South Bay, and that the matter should be remanded so that he can render a decision based on all of the relevant medical records. Accordingly, the Commissioner's motion to affirm the ALJ's decision is DENIED, and the plaintiff's motion to reverse or remand is ALLOWED to the extent that it seeks a remand for further administrative proceedings. Because it will be up to the ALJ in the first instance to evaluate the additional documents and determine how

they will impact his analysis of Martins' claims of disabling impairments, this court declines to address the remaining issues raised by the parties' motions.

## II. STATEMENT OF FACTS[1]

Martins was born on January 9, 1963, and was 49 years old at the time of her hearing before the ALJ. (Tr. 35, 115, 117). She has a high school education and has been employed as a cashier at a donut shop, a housekeeper for a cleaning company, a line worker for a newspaper publisher, and an unloader for a shoe store. (Tr. 167). However, Martins has not worked in any capacity since March 1, 2004, and she contended initially that she has been incapable of working since January 2006 due to the severity of her physical and mental impairments. (Tr. 49, 166). She subsequently amended the alleged onset date of her disability to July 16, 2009. (Tr. 34). According to Martins, her impairments include debilitating back and leg pain, depression, anxiety, migraine headaches, and audio hallucinations. (See, e.g., Tr. 38-45, 198, 200, 218-19).

Martins filed applications for SSI and SSDI on July 27, 2010, claiming that she had been unable to work since January 1, 2006 as a result of symptoms stemming from her back problems, depression, and anxiety. (Tr. 115-23, 166). Her applications were denied initially in December 2010, and upon reconsideration in July 2011. (Tr. 55-62, 68-73).

---

[1] References to pages in the transcript of the record proceedings shall be cited as "Tr. __." The ALJ's Decision shall be cited as "Dec." and can be found beginning at Tr. 18. This court's Statement of Facts is limited to those facts that are relevant to the matters addressed in this court's analysis. Further details can be found in the administrative record.

## The ALJ's Rejection of South Bay Records

The plaintiff subsequently requested a hearing before an ALJ. (Tr. 74-75). The request was granted, and a hearing was scheduled to take place on Monday, June 18, 2012 in Boston, Massachusetts. (Tr. 76-79, 83-94). On Friday, June 15, 2012, three days before the scheduled hearing, Martins' attorney sent a package of materials to the Social Security Administration ("SSA") by fax, which consisted of additional evidence relating to the plaintiff's claims for benefits. (Tr. 1192). In his cover letter to the agency, plaintiff's counsel stated in relevant part as follows:

> This firm represents Ms. Maria Martins for her claim for Social Security benefits. A hearing is scheduled for June 18, 2012 at 2:00pm. An Appointment of Representation is on file. Enclosed, please find the following medical records to be associated with Ms. Martins' file:
>
> I. South Bay Mental Health. November 5, 2010–April 17, 2012. 82 pages.
>
> We apologize that the records were not submitted sooner. We initially attempted to obtain them in April but the request was met with no response by the facility. On follow-up request it was revealed that the records were in the facility's off-site storage facility and they were unwilling to retrieve records on an unscheduled trip absent court order, which we did not wish to request with Your Honor's existing workload. We have submitted the records immediately upon receiving them.

(Tr. 1192). On that same date, Martins' counsel sent a second letter by fax to the SSA, enclosing an additional record relating to the plaintiff's treatment at South Bay on May 10, 2012. (Tr. 1276). In his second letter, counsel again noted that a hearing on Martins'

claims for benefits was scheduled for June 18, 2012 at 2:00 p.m., and asked that the additional record be added to Martins' file. (Id.).

The hearing before the ALJ took place on the afternoon of June 18, 2012 as scheduled. (Tr. 29-54). Martins, who was represented by her counsel, appeared and testified on her own behalf. (Tr. 35-49). A Vocational Expert also provided testimony regarding the plaintiff's ability to perform work existing in the national and regional economies. (Tr. 49-53). Significantly, during the hearing, Martins amended the alleged onset date of her disability from January 1, 2006 to July 16, 2009. (Tr. 34). The ALJ also rejected the plaintiff's request to admit as part of the administrative record the documents that Martins' counsel had submitted to the agency by fax on June 15, 2012. (Tr. 31). Therefore, the ALJ declined to consider 83 pages of records from Martins' treating psychiatrist and therapist relating to the time period from November 5, 2010 through May 10, 2012. As a result, the record considered by the ALJ contains no evidence describing treatment that Martins received for her mental impairments after January 2011.

On June 29, 2012, the ALJ issued a written decision denying Martins' claims for benefits on the grounds that the plaintiff had "not been under a disability, as defined in the Social Security Act, from July 16, 2009, through the date of [his] decision[.]" (Dec. Finding #11; Tr. 28). It is undisputed that the ALJ, in reaching his conclusion that Martins was not disabled, applied the five-step evaluation required by 20 C.F.R. §§ 404.1520 and 416.920. See also McDonald v. Sec'y of Health & Human Servs., 795

F.2d 1118, 1120 (1st Cir. 1986) (the Social Security regulations prescribe a "five-step sequential inquiry into whether or not an applicant for benefits should be considered 'disabled' and thus eligible for benefits"). However, Martins contends that the ALJ's decision was not based on substantial evidence because he improperly rejected the opinions of her treating psychiatrist and therapist as to the severity of her mental health impairments, and erroneously assessed the credibility of her complaints regarding the extent of her pain and other symptoms. (See Pl. Mem. (Docket No. 26) at 14-20). In addition, Martins asserts that the ALJ committed reversible error by refusing to grant her request to consider the additional records from South Bay. (Id. at 12-14). As described below, this court finds that Martins is entitled to have those records reviewed in connection with her claims for benefits, and that the matter should be remanded so that the ALJ has an opportunity to assess Martins' claims of disability based on all of the relevant medical evidence.

In his decision, the ALJ specifically addressed Martins' submission of additional written evidence regarding her treatment at South Bay. The ALJ noted that under 20 C.F.R. § 405.331(a) of the Social Security regulations, a claimant must submit all written evidence no later than five business days before the administrative hearing. (Dec. 1; Tr. 18). He further noted that under the 20 C.F.R. § 405.331(b) of the regulations,

> if the claimant misses this deadline and wishes to submit evidence during the five business days before the hearing or at the hearing, the [ALJ] will accept the evidence if: (1) an action of the Social Security Administration misled her; (2) she had a physical, mental, educational, or linguistic limitation(s) that prevented her from

> submitting the evidence earlier, or (3) some other unusual, unexpected, or unavoidable circumstance beyond her control prevented her from submitting the evidence earlier.

(Id.). The ALJ then stated that Martins had failed to submit the additional written materials from South Bay within the time required under the regulations, and that the requirements of 20 C.F.R. § 405.331(b) had not been met. (Id.). Accordingly, he expressly declined to admit that evidence or to consider it as part of the administrative record. (Id.).

In connection with his refusal to consider the additional evidence, the ALJ did not specify why he found that the plaintiff had failed to satisfy any of the conditions for submitting evidence during the five business days before the hearing. (See id.). In particular, the ALJ made no reference to the June 15, 2012 letter from Martins' counsel describing why the plaintiff had been unable to obtain the documents earlier. (See id.). Nor did he explain why he concluded that South Bay's failure to respond to Martins' initial request for her records, and its refusal to retrieve the records from its off-site storage facility on an unscheduled trip absent a court order, did not constitute an unexpected or unavoidable circumstance beyond the plaintiff's control. (See id.).

### **The Commissioner's Denial of Martins' Claims**

Based on the evidence that was included in the administrative record, the ALJ determined that Martins had not engaged in substantial gainful activity since July 16, 2009, the amended alleged onset date of her disability. (Dec. Finding #2; Tr. 21). He also found that she suffered from the severe impairments of degenerative disk disease,

obesity, and depression, but that she did not have an impairment or combination of impairments that met or medically equaled an impairment listed in Appendix 1 of the Social Security regulations, and that she retained the residual functional capacity ("RFC") to perform a limited range of light work. (Dec. Finding #3-5; Tr. 21-22). Finally, the ALJ determined that while Martins was no longer able to carry out any of her past work, there were a significant number of jobs available in the national economy that the plaintiff was capable of performing. (Dec. Finding #6, 10; Tr. 27). Therefore, he concluded that the plaintiff was not disabled during the time period from July 16, 2009 through June 29, 2012. (Dec. Finding #11; Tr. 28).

Martins subsequently filed a request for review of the ALJ's decision by the Social Security Appeals Council. (Tr. 13-14). On July 29, 2013, the Appeals Council denied the request, thereby making the ALJ's decision the final decision of the Commissioner for purposes of review. (Tr. 1-3). Accordingly, the plaintiff has exhausted all of her administrative remedies, and the case is ripe for consideration by this court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (See Tr. 1-3).

Additional factual details relevant to this court's analysis are described below where appropriate.

### III. ANALYSIS

**A.    Standard of Review**

Martins is seeking judicial review of the Commissioner's "final decision" pursuant to the Social Security Act § 205(g), 42 U.S.C. § 405(g) (the "Act"). The Act provides in relevant part that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action .... The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive ....

42 U.S.C. § 405(g) (emphasis added). The Supreme Court has defined "substantial evidence" to mean "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)) (internal quotation marks omitted); accord Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

It has been explained that:

> In reviewing the record for substantial evidence, we are to keep in mind that "issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner]." The [Commissioner] may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts. We must uphold the [Commissioner's] findings in this case if a

> reasonable mind, reviewing the record as a whole, could accept it as adequate to support his conclusion.

Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). Thus, "the court's function is a narrow one limited to determining whether there is substantial evidence to support the [Commissioner's] findings and whether the decision conformed to statutory requirements." Geoffroy v. Sec'y of Health & Human Servs., 663 F.2d 315, 319 (1st Cir. 1981). The Commissioner's decision must be affirmed, "even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

"Even in the presence of substantial evidence, however, the Court may review conclusions of law, and invalidate findings of fact that are 'derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts[.]'" Musto v. Halter, 135 F. Supp. 2d 220, 225 (D. Mass. 2001) (internal citations omitted) (quoting Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam)). "Thus, if the ALJ made a legal or factual error, the court may reverse or remand such decision to consider new, material evidence or to apply the correct legal standard." Ross v. Astrue, Civil Action No. 09-11392-DJC, 2011 WL 2110217, at *2 (D. Mass. May 26, 2011) (internal citation omitted).

### B. Plaintiff's Challenge to the Omission of Mental Health Records

On appeal, Martins challenges the ALJ's decision both on procedural and substantive grounds. With respect to her procedural challenge, the plaintiff argues that the ALJ improperly excluded the records from South Bay that her counsel faxed to the SSA on June 15, 2012. (Pl. Mem. at 12-14). She further contends that the matter should be remanded, pursuant to 20 C.F.R. § 404.331(b) and 42 U.S.C. § 405(g), so that the ALJ can consider the relevant medical evidence relating to both her physical and mental impairments in its entirety. (See id. at 14; Pl. Reply (Docket No. 31) at 4). For the reasons that follow, this court finds that the ALJ's failure to admit the challenged records, or to consider them in connection with Martins' claims, warrants a remand for further administrative proceedings.

## Admissibility of Untimely Evidence

As described above, the ALJ excluded the additional records from South Bay pursuant to 20 C.F.R. § 405.331. Those regulations, which govern a claimant's submission of evidence to an ALJ, provide in relevant part as follows:

> (a) You should submit with your request for hearing any evidence that you have available to you. Any written evidence that you wish to be considered at the hearing must be submitted no later than five business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider the evidence *unless the circumstances described in paragraphs (b) or (c) of this section apply.*
>
> (b) If you miss the deadline described in paragraph (a) of this section and you wish to submit evidence during the five business days before the hearing or at the hearing, the administrative law judge *will accept the evidence* if you show that:

-11-

> (1) Our action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from submitting the evidence earlier; *or*
>
> (3) *Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier*.

20 C.F.R. § 405.331 (emphasis added). Thus, if a claimant is able to satisfy any of the conditions described in paragraph (b) of the regulation, the ALJ is required to accept the additional evidence and consider it at the hearing.

There is no dispute that in the instant case, Martins did not submit the 83 pages of South Bay records to the ALJ until Friday, June 15, 2012, one business day before the June 18, 2012 hearing. (See Tr. 1192, 1276; Def. Mem. (Docket No. 30) at 8). Nevertheless, this court finds that she established the existence of an unexpected circumstance beyond her control, which prevented her from submitting those documents earlier. As described by her counsel in his letter accompanying the records at issue, Martins' attorneys attempted to obtain the documents from South Bay approximately two months prior to the hearing date, but the facility proved to be uncooperative. (Tr. 1192). Not only did South Bay fail to respond to counsel's initial request for the documents, but it also refused to make an unscheduled trip to retrieve the records from its off-site storage facility absent an order from a court. (Id.). This court finds that the plaintiff could not have reasonably anticipated that her mental health provider would prove so unhelpful in responding to a request by a patient for copies of her own medical records, or that it

would take so much time to obtain those records. Therefore, the ALJ should have considered them as part of the administrative record.

The Commissioner disputes that the temporary unavailability of Martins' records was unusual or unexpected, or presented circumstances beyond the plaintiff's control, and she faults the plaintiff for failing to seek a court order directing South Bay to produce the requested documents. (See Def. Mem. at 13-14). Even assuming, arguendo, that the plaintiff's counsel could have been more diligent in his efforts to obtain the South Bay records earlier, this court finds that the ALJ should have admitted them into the record. The First Circuit has "long recognized that social security proceedings 'are not strictly adversarial.'" Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 142 (1st Cir. 1987) (quoting Miranda v. Sec'y of Health, Educ. & Welfare., 514 F.2d 996, 998 (1st Cir. 1975)). Accordingly, the court has "made few bones about [its] insistence that the [Commissioner] bear a responsibility for adequate development of the record in these cases." Id. As the First Circuit has stated,

> "this responsibility increases in cases where the [claimant] is unrepresented, where the claim itself seems on its face to be substantial, where there are gaps in the evidence necessary to a reasoned evaluation of the claim, and where it is within the power of the administrative law judge, without undue effort, to see that the gaps are somewhat filled – as by ordering easily obtained further or more complete reports or requesting further assistance from a social worker or psychiatrist or key witness."

Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991) (quoting Currier v. Sec'y of Health, Educ. & Welfare, 612 F.2d 594, 598 (1st Cir. 1980)). In the instant case, Martins' counsel alerted the ALJ to the fact that the additional material reflected nearly

18 months of treatment at South Bay. (See Tr. 1192, 1276). Although the Commissioner points out that a limited number of those records are identical to progress notes that were included in the administrative record, there is no dispute that the bulk of the records are not among the documents that were considered by the ALJ.[2] (See Def. Mem. at 14). Nor is it disputed that the administrative record contained no evidence of Martins' treatment for her mental impairments during the time period from February 2011 through May 2012. (See id.). That time period is directly relevant to Martins' claim that she was suffering from disabling mental impairments, which prevented her from working beginning on July 16, 2009. The ALJ easily could have filled in the existing gaps in the record by accepting the proffered documents into evidence.

The Commissioner argues that even if the ALJ erred by refusing to accept the additional documents under 20 C.F.R. § 405.331(b), no remand is necessary because the omission of the documents was harmless. (See Def. Mem. at 15). Specifically, the Commissioner asserts that "the records are largely duplicative insofar as they reflect Plaintiff's ongoing treatment for symptoms that were serious but manageable[,]" and that they "reflect considerable periods of improvement that refute Plaintiff's claims of total disability and support the ALJ's mental RFC findings." (Id.). However, this court finds that the Commissioner's arguments are based on a selective reading of the documents.

---

[2] The record indicates that eight of the additional documents, consisting of eleven pages of material, are identical to documents that were included among the materials considered by the ALJ. (Compare Tr. 329-37, 339-43 with Tr. 1226-34, 1266-70).

While the records do reflect some periods of improvement, they also indicate that Martins had periods of increased depression, and that she complained of audio hallucinations, insomnia, dizziness, anxiety, and a lack of energy. (See, e.g., Tr. 1196, 1210, 1222, 1277). They further indicate that the plaintiff required changes and increases to her psychotropic medications in order to address her ongoing symptoms and prevent the possibility of hospitalization. (See, e.g., Tr. 1218, 1222-24). Thus, the additional records are necessary to understand the extent of Martins' mental limitations, as well as the persistent nature of her condition. While this court expresses no opinion as to the ultimate impact that the records may have on Martins' claim of disability, this court concludes that the ALJ's failure to admit the documents pursuant to 20 C.F.R. § 405.331(b) warrants a remand for further administrative proceedings.

## **Martins' Request for a Remand Under 42 U.S.C. § 405(g)**

This court also finds that Martins is entitled to a remand under 42 U.S.C. § 405(g), which provides in pertinent part that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." Under § 405(g), a remand is appropriate for the purpose of considering additional evidence if the plaintiff demonstrates that the evidence at issue "is both 'new' and 'material,' as those terms are used in the statute[,]" and that there was "good cause" for her "failure to seasonably have

offered the evidence." Evangelista, 826 F.2d at 139. This court finds that the plaintiff has satisfied this standard.

"In order for the evidence submitted by Plaintiff to be deemed 'new' within the meaning of the [Social Security] Act, the evidence must not have been contained within the administrative record at the time the ALJ rendered his decision." Gullon v. Astrue, No. 11-099ML, 2011 WL 6748498, at *9 (D.R.I. Nov. 30, 2011) (slip op.). Additionally, in order to show that evidence is both "new" and "material," the plaintiff must establish that the "evidence is necessary to develop the facts of the case fully, that such evidence is not cumulative, and that consideration of it is essential to a fair hearing." Evangelista, 826 F.2d at 139. "The mere existence of evidence in addition to that submitted before the hearing examiner will not constitute sufficient cause for remand. Rather, to qualify under the new/material standard, the [proffered] data must be meaningful – neither pleonastic nor irrelevant to the basis for the earlier decision." Id. at 139-40 (internal citation omitted).

Most of the records that Martins attempted to submit to the ALJ on June 15, 2012 meet these requirements. Although eleven out of the eighty-three pages of documents from South Bay are copies of documents that were included in the administrative record and were considered by the ALJ, the remaining records were not previously obtained by or submitted to the SSA. Consequently, they were not available to the ALJ when he assessed Martins' claims of disabling mental conditions during the time period from July 16, 2009 through the date of his decision on June 29, 2012. Moreover, although the

documents reflect a continuation of the psychiatric treatment that Martins had been undergoing for a number of years, this court finds that they are necessary to understand the extent of her symptoms, and to substantiate the ongoing nature of her mental impairments throughout 2011 and 2012. Thus, the documents are "new" and not duplicative of other evidence in the record.

This court also finds that the additional records from South Bay are material to the plaintiff's claims for benefits. Under the Social Security regulations, "chronic mental illness must be viewed longitudinally" for purposes of determining disability. Rawls v. Apfel, 998 F. Supp. 70, 77 (D. Mass. 1998). Accordingly, "[n]ew evidence of a continuing psychiatric condition, in particular, is material if it suggests that the condition may be severe and chronic." Id. Here, the documents at issue illustrate both the severity of Martins' mental impairments and their persistence throughout the relevant time period. (See Tr. 1193-1234, 1236-48, 1252-66, 1277). In fact, they provide the only evidence as to the nature and persistence of the symptoms stemming from her mental impairments during the time period from February 2011 through May 2012. Therefore, the additional documents are material and should be considered by the ALJ upon remand. See Rawls, 998 F. Supp. at 77 (finding that documents presenting further proof of the chronic nature of the plaintiff's mental condition were material because they "may well have caused the ALJ, had he knowledge of the long term impact of the disease, to issue a different decision").

This court also finds that the plaintiff has established good cause for her late submission of the documents to the ALJ. As described above, the record supports the existence of an "unexpected . . . circumstance" beyond Martins' control that prevented her from submitting the evidence earlier and is sufficient to excuse the delay under 20 C.F.R. § 405.331(b)(3). In addition, the evidence shows that Martins' attorneys sent the additional documents to the SSA by fax as soon as they received them on June 15, 2012, and that the ALJ had ample time to review those records before issuing his decision on June 29, 2012. See Milano v. Bowen, 809 F.2d 763, 767 (11th Cir. 1987) (finding that filing of additional material with the Appeals Council one day after deadline satisfied the good cause requirement of § 405(g) where "[a]mple time remained for the Appeals Council to consider and act upon the evidence"). There is nothing to suggest that Martins' untimely submission "reflect[ed] any bad faith attempt to manipulate the administrative process" or was otherwise improper. Id. Given the volume of the materials at issue, their relevance to Martins' claims of disability, the circumstances surrounding Martins' efforts to submit the records to the ALJ prior to the hearing, and "what is supposed to be the beneficent purpose of the Social Security laws," this court finds that "it would be a miscarriage of justice to punish the plaintiff by excluding this evidence from the record." Savo v. Astrue, Civil No. 3:10-CV-1612 (CFD)(TPS), 2011 WL 5025488, at *2 (D. Conn. Oct. 21, 2011) (unpub. op.). Accordingly, the matter will be remanded so that the ALJ can consider the merits of Martins' claims based on all of the relevant medical evidence.

On remand, it will be up to the ALJ to evaluate the additional evidence in light of the record as a whole, and to determine how that evidence will impact his analysis of Martins' claims. Therefore, this court declines to address the substantive issues raised by the parties' motions, including Martins' challenge to the ALJ's decision to reject the opinions of her treating mental healthcare providers regarding the extent of her mental limitations, and her challenge to the ALJ's assessment of her credibility.

## IV.  **CONCLUSION**

For all the reasons described above, the "Commissioner's Motion to Affirm Decision" (Docket No. 29) is DENIED, and the "Plaintiff's Motion to Reverse or Remand Defendant's Final Decision Denying Her Disability Be[ne]fits" (Docket No. 25) is ALLOWED to the extent that it seeks a remand for further administrative proceedings.

                                                       / s / Judith Gail Dein
                                                      Judith Gail Dein
                                                       U.S. Magistrate Judge